# MEMORANDUM DECISION

Pursuant to Indiana Tax Court Rule 17, this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 03 2016, 11:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR PETITIONERS:
**RANDAL J. KALTENMARK**
**ZIAADDIN MOLLABASHY**
BARNES & THORNBURG LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**JESSICA R. GASTINEAU**
**ANDREW T. GREIN**
**KYLE C. FLETCHER**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| JOHN AND SYLVIA VON ERDMANNSDORFF, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Cause No. 49T10-1112-TA-00093 |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER ON PETITIONERS' MOTIONS TO STRIKE

**June 3, 2016**

WENTWORTH, J.

John and Sylvia von Erdmannsdorff have moved to strike certain statements and

designated evidence that support the Indiana Department of State Revenue's motion for summary judgment. (See Pet'rs' Br. Opp'n Resp't Mot. Summ. J. & Supp. Pet'rs' [Counter-]Mot. Partial Summ. J. ("Pet'rs' Br.") at 28-31; Pet'rs' Mot. Strike Resp't Supp'l Des'g Evid. at 1.) More specifically, the von Erdmannsdorffs claim that two depositions as well as the statements and designated evidence regarding their income tax returns, their inventory records, and BizStats are not admissible. (See, e.g., Pet'rs' Br. at 28-31; Pet'rs' Mem. Supp. Pet'rs' Mot. Strike Resp't Supp'l Des'g Evid. ("Pet'rs' Mem") at 1-3.) The Court, having held a hearing thereon and being duly advised, grants the von Erdmannsdorffs' motions in part and denies them in part.

**The Depositions**

The von Erdmannsdorffs first claim that the deposition transcripts of Mr. John von Erdmannsdorff and Mr. Kurk Bright must be disregarded because neither was published. (See Pet'rs' Br. at 28-29.) When a party wants to use a deposition for evidentiary purposes in connection with a motion, as the Department does here, the Court may, upon its own motion or that of any party, order a party to file the original deposition. See Ind. Trial Rule 5(E)(2)(b). The filing of any deposition amounts to its "publication." T.R. 5(E)(5). See also Griffin v. State, 698 N.E.2d 1261, 1267 (Ind. Ct. App. 1998) (explaining that a party no longer needs to file a motion to publish and obtain an order thereto pursuant to Indiana Trial Rule 5(E)(5)), trans. denied. In this case, the Department published both depositions on September 14, 2015, the date it filed them with the Clerk of the Indiana Tax Court. (See Resp't Des'g Evid. Supp. Mot. Summ. J. at Exs. B, D.) See also T.R. 5(F)(1) (providing that a document is filed when it is delivered to the clerk of the court). Accordingly, the Court declines to strike the

2

depositions of Mr. von Erdmannsdorff and Mr. Bright.

## The Income Tax Returns

Next, the von Erdmannsdorffs claim that the statements and designated evidence regarding their purported failure to file income tax returns for dates before the 2000 through 2009 tax years ("years at issue") must be stricken as not relevant. (See Pet'rs' Br. at 29 (citing Resp't Br. Supp. Resp't Mot. Summ. J. ("Resp't Br.") at 1-2, 12); Pet'rs' Mem. at 2-3; Hr'g Tr. at 6-11, Mar. 16, 2016.) The Department, on the other hand, claims that the information is relevant because it not only shows a pattern of noncompliance and lax recordkeeping, but also indicates that the Department both properly issued its best information available proposed assessments ("BIA assessments") and imposed negligence penalties. (See Resp't Resp. Pet'rs' Mot. Strike Resp't Supp'l Des'g Evid. at 1-2; Hr'g Tr. at 13-14, 17-18.)

In moving for summary judgment, the Department claimed it was entitled to judgment as a matter of law because the von Erdmannsdorffs' post audit documentation could not rebut the statutory presumption of correctness afforded to the Department's BIA assessments. (See, e.g., Resp't Br. 6-13.) In response, the von Erdmannsdorffs argued that their documentation rebutted the Department's BIA Assessments and created a genuine issue of material fact regarding their actual tax liabilities for the years at issue. (See Pet'rs' Br. at 21-28; Hr'g Tr. at 9.) Consequently, the von Erdmannsdorffs' purported failure to file income tax returns for dates before the years at issue is not relevant because that fact will not aid in the resolution of the Department's summary judgment motion. See Ind. Evidence Rule 401 (explaining that evidence is relevant if it has any tendency to make a fact of consequence in determining the action

3

more or less probable than it would be without the evidence).  Accordingly, the Court will not consider this fact in resolving the Department's motion for summary judgment.

## The Inventory Records

The von Erdmannsdorffs have also claimed that the Department's statements regarding their purported failure to provide inventory records to the Department are inconsistent with the von Erdmannsdorffs' designated evidence and, thus, must be stricken.  (See Pet'rs' Br. at 30-31 (compare, e.g., Resp't Br. at 10 (where the Department states that the von Erdmannsdorffs did not provide inventory records to the Department) with Pet'rs' Br. at 31 (where the von Erdmannsdorffs state they did provide inventory records to the Department)).)  The Court declines to strike these statements because the von Erdmannsdorffs' claim indicates that the parties have merely characterized certain facts differently.  See Popovich v. Indiana Dep't of State Revenue (Popovich VII), No. 49T10-1010-TA-00053, 2016 WL 1533493, at *2 (Ind. Tax Ct. Apr. 14, 2016) (declining to disregard designated evidence when the parties' characterizations of that evidence differed).

## BizStats

Finally, the von Erdmannsdorffs contend that the Department's statements regarding BizStats must be stricken because the designated evidence does not support them.  (See, e.g., Pet'rs' Br. at 30 (citing Resp't Br. at 2 ("The Department, using the best information available in its audit, used IRS data to determine a favorable cost of goods sold ratio, correcting the von Erdmannsdorffs' failure to the best of its ability")).)  The Department's designation of evidence includes a website page regarding BizStats that provides:

4

> BizStats is the leading free online source for small business statistics. BizStats collects and adds value to public data, delivering it without cost in an easy-to-read, easy-to-understand format . . . . We select raw data to develop value-added calculations and publish the results in an easily accessible format for business owners, valuation professionals, accountants and consultants.
>
> BizStats content reflects the latest available IRS financial information in a useful, readable format. BizStats does not edit, filter or clean raw IRS data. As a result, BizStats content may contain errors, omissions and anomalies such as asset or liability negative line items, where these are consistent with IRS data. We are not responsible for any errors in calculation or presentation on BizStats.

(See Resp't Br. at 10 (citing About BizStats, BIZSTATS.COM, http://www.bizstats.com/about.php (last visited April 15, 2016)).) See also Elmer v. Indiana Dep't of State Revenue, 42 N.E.3d 185, 189 (Ind. Tax Ct. 2015) (providing that a party may designate evidence in its brief). The information on the website page supports the Department's statements. Therefore, the Court denies the von Erdmannsdorffs' motions to strike as to this issue.

## CONCLUSION

For the above-stated reasons, the Court GRANTS the von Erdmannsdorffs' motions to strike with respect to the Department's statements and designated evidence regarding the von Erdmannsdorffs' purported failure to file income tax returns for dates before the years at issue. The Court, however, DENIES the von Erdmannsdorffs' motions to strike with respect to the depositions, the statements regarding the inventory

5

records, and the statements regarding BizStats.

SO ORDERED this 3rd day of June 2016.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution: Randal J. Kaltenmark, Ziaaddin Mollabashy, Jessica R. Gastineau, Andrew T. Grein, Kyle C. Fletcher.

6